IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RIVERSIDE DENTAL OF ROCKFORD, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CINCINNATI INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 3:20-cv-50284 |

## NOTICE OF REMOVAL

Now comes Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through its counsel Litchfield Cavo. LLP, and files this Notice of Removal under 28 U.S.C. § 1332. In support of this Notice of Removal, Cincinnati respectfully states as follows:

**I.  STATEMENT OF GROUNDS FOR REMOVAL**

1. This suit is an action in which this Court has original jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441[1] and 28 U.S.C. §1446.

2. Plaintiff, Riverside Dental of Rockford, Ltd., filed its Complaint on or about May 20, 2020 in the Circuit Court of Winnebago County, Illinois in Case No. 2020 MR 0000405 styled *Riverside Dental of Rockford, Ltd. v. The Cincinnati Insurance Company*.[2]

---

[1] 28 U.S.C. §1441(b) provides that suits that do not arise under federal law are removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such actions is brought
[2] See Exhibit 1, Plaintiff's Complaint.

1

3. Plaintiff sued Cincinnati seeking a declaratory judgment regarding Cincinnati's alleged insurance coverage obligations relating to the recent COVID-19 outbreak and its detrimental effects on Plaintiff's business. Plaintiff also seeks damages based on Cincinnati's alleged breach of contract. Finally, Plaintiff has also stated a claim for damages under 215 ILCS 5/155.

4. By agreement with Counsel for Plaintiff, Counsel for Cincinnati agreed to formally accept service of Plaintiff's complaint on July 29, 2020.[3] Cincinnati files this Notice of Removal within 30 days after the agreement to accept service of Plaintiff's Complaint as required by 28 U.S.C. § 1446(b) (1).

## II. DIVERSITY OF CITIZENSHIP

5. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and the place where it maintains its principal place of business.[4]

6. At the time of the filing of Plaintiff's Complaint, Riverside Dental of Rockford, Ltd. was an Illinois corporation with its principal place of business located in Loves Park, Illinois.[5]

7. Cincinnati, is and was at the time that this action was instituted against it, incorporated and existing under the laws of the State of Ohio with its principal place of business in Fairfield, Ohio. Cincinnati was not at the time this action was instituted against it, and still is not, a citizen of the State of Illinois.

---

[3] See Exhibit 2, email communication between counsel confirming service as of July 29, 2020.
[4] See 28 U.S.C. §1332(c)(1).
[5] See Exhibit 1, Plaintiff's Complaint at ¶¶ 2, 9.

2

8. There is complete diversity of citizenship between Plaintiff Riverside Dental of Rockford, Ltd. and Cincinnati. Therefore, removal is proper under 28 U.S.C. §1332 and this Court has jurisdiction over these proceedings.

### III. AMOUNT IN CONTROVERSY

9. Cincinnati would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

10. Plaintiff pleads in its Complaint that it purchased an insurance policy from Cincinnati and seeks a judgment declaring that Cincinnati must pay for ongoing losses allegedly incurred as a result of the COVID-19 outbreak and $732,600 in lost business income since March 2020.[6] Based on the allegations regarding the nature and duration of Plaintiff's loss, the amount in controversy between the Plaintiff and Cincinnati exceeds $75,000.00, exclusive of interest and costs.

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

11. Cincinnati files this Notice of Removal within 30 days of July 29, 2020, the date upon which Counsel for Cincinnati agreed to accept service of Plaintiff's Complaint and within the 1 year period set forth in 28 U.S.C. §1446(c). Cincinnati files this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiff's Complaint.

12. This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a).

---

[6] See Exhibit 1 Plaintiff's Complaint at ¶¶ 8, 16, and Plaintiff's prayer for relief under Count I, p. 7.

13. In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties, and a copy is being filed with the Clerk of the Circuit Court of Winnebago County, Illinois.

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1, true and correct copies of the following documents are being submitted with this Notice of Removal: (a) civil cover sheet; and (b) true and legible copies of all process, pleadings, orders, and other documents that have been served on Cincinnati in the state court.

15. If any question arises as to the propriety of the removal of this action, Cincinnati requests the opportunity to present a memorandum of law, evidence, and oral argument in support of the Notice of Removal and the removal of this action.

WHEREFORE, Defendant, prays the Court hereby remove the state court action from the Circuit Court of Winnebago County, Illinois to the United States District Court for the Northern District of Illinois.

Date: July 31, 2020          Respectfully submitted,

Cincinnati Insurance Company

By: /s/ Brian M. Reid
     One of its attorneys

Brian M. Reid
Litchfield Cavo LLP
303 W. Madison St., Ste. 300
Chicago, IL 60606
312-781-6617 (Reid)
reid@litchfieldcavo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, I electronically filed the foregoing THE CINCINNATI INSURANCE COMPANY'S NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification and via email of such filing to the following:

Erik Carlson
Brassfield, Krueger & Ramlow, Ltd.
1491 S. Bell School Rd.
Rockford, IL 61108
P (815) 398-9700
F (815) 398-2224
ECarlson@BKR-Law.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

None.

                                                           By:    /s/ Brian M. Reid
                                                           **Attorney for Cincinnati Insurance Company**