IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Riverside Dental of Rockford, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 50284 |
| | ) | |
| vs. | ) | |
| | ) | |
| Cincinnati Insurance Company, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion to dismiss [24] is granted. This case is dismissed with prejudice. Case closed.

## STATEMENT-OPINION

Plaintiff, Riverside Dental of Rockford, Ltd., an Illinois corporation with its principal place of business in Illinois brought this action in state court against defendant, The Cincinnati Insurance Company, an Ohio corporation with its principal place of business in Ohio. Defendant filed notice of removal [1] premised on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000. Jurisdiction is proper. Plaintiff's original complaint was dismissed [21] on January 19, 2021 with leave to amend. Plaintiff filed an amended complaint [22] which, like its original complaint, seeks a declaratory judgment (Count I), alleges breach of contract (Count II), and asks for attorney fees, costs, and an amount in excess of the judgment as allowed by 215 ILCS 5/155 (Count III). Defendant moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted [24]. Fed. R. Civ. P. 12(b)(6).

Plaintiff purchased a commercial property insurance policy ("Policy") from defendant which included among its forms and endorsements a Building and Personal Property Coverage Form (FM 101 05 16) ("Property Form") and a Business Income (And Extra Expense) Coverage Form (FA 213 IL 05 16) ("Business Income Form"). Both these forms contain "Civil Authority" additional coverage provisions obligating defendant, under certain conditions, to pay plaintiff for actual loss of "Business Income" and necessary "Extra Expense" "caused by action of civil authority that prohibits access to the "premises". Plaintiff claims that defendant breached its duty under the Policy's Civil Authority coverage provisions when it refused to pay plaintiff's claim for lost income caused by executive orders issued by the Governor of Illinois ("Governor's Orders")[1] requiring Illinois dental offices to cease providing services identified by the Governor as non-essential. From March 17, 2020 through May 11, 2020, plaintiff was forced by the Governor's Orders to postpone all work deemed non-essential. Of the services plaintiff

---
[1] Executive Orders 2020-10 and 2020-19.

1

provides, those identified by the Governor as non-essential account for approximately 90% of plaintiff's business.

As stated in the court's prior order of dismissal [21], an "examination of the Civil Authority coverage provisions [of the Policy] shows that for plaintiff to be covered for loss of Business Income and Extra Expense under those provisions, the following conditions must all be met:

(1) a Covered Cause of Loss must have caused damage[2] to property other than Covered Property at plaintiff's dental office;

(2) a civil authority must have taken action that prohibited access to plaintiff's dental office;

(3) the civil authority's action must have prohibited access to the area immediately surrounding the damaged property as a result of the damage;

(4) the civil authority must have taken the action in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage; and

(5) the action of the civil authority must have caused plaintiff to sustain the actual loss of "Business Income" and/or *necessary* Extra Expense.

If any one of these conditions is absent, then coverage is unavailable under the Civil Authority coverage provisions. *Dkt* # 21, p. 5-6. The court concluded that, giving the words "prohibits access" their "plain and ordinary meaning", condition (2) was absent because the Governor's Orders did not prohibit access to plaintiff's dental office. *Id.*

The amended complaint is substantially similar to the original complaint with a few additions. The amended complaint quotes one of the Governor's Orders (Executive Order 2020-10) which ordered all Illinois residents to stay at home except as allowed by that order and prohibited all travel except "Essential Travel and Essential Activities." *Dkt* # 22, p. 2, par. 9. Plaintiff alleges with this order the governor prohibited access to all areas of the state for non-essential business purposes. *Id.* In paragraph 10 of the amended complaint plaintiff acknowledges the order contained an exception to allow Illinois residents to leave their homes to "obtain services through Healthcare and Public Health Operations which included dental offices."

Paragraph 18 of the amended complaint alleges that "[b]y expressly calling for the cessation of all non-essential business interactions, the Shutdown Orders forbade and prevented the public from entering [plaintiff's] place of business for non-essential business purposes." Paragraph 19 alleges that the Governor's Orders "did not simply limit the type of services that [plaintiff] could provide to individuals; for non-essential business purposes, physical access to [plaintiff's] premises was prohibited."

Paragraph 20 of plaintiff's amended complaint states: "The Illinois Supreme Court has long recognized that a 'prohibition' can include a partial prohibition, where the government order only limits the types of services that could be provided at a given place of business, without

---

[2] "Direct damage" in the Business Income Form's provision.

preventing all types of service." Paragraph 27 alleges that Executive Order 2020-10 "prohibits access to areas immediately surrounding [plaintiff's] premises for all non-essential business purposes; in fact, it prohibits access across the entire State for non-essential business purposes."

The amended complaint, like the original complaint, fails to state a claim upon which relief can be granted because it does not, and cannot, change the language of the Policy nor the language of the Governor's Orders. As discussed in the court's prior order, the Governor's Orders did not prohibit access to plaintiff's premises.

Plaintiff argues that it's amended complaint quotes one of the Governor's Orders which stated that "All travel . . . except Essential Travel . . . is prohibited." *Dkt # 27, p. 1*. It argues that "[t]he exception to the general rule does not negate the fact that the Shutdown Orders prohibited access to Plaintiff's dental office for approximately 90% of its business" and "forbade and prevented the public from entering [plaintiff's] place of business for non-essential business purposes" so that "for non-essential business purposes, physical access to [plaintiff's] premises was prohibited." *Id.*

However, as found in the court's prior order, the Governor's Orders allowed access to the premises to plaintiff's employees to perform essential services and to plaintiff's patients to receive essential services. The Policy's Civil Authority coverage provisions only provide coverage where the loss of business income and extra expense are "caused by action of civil authority that prohibits access to the 'premises'." The court found in its prior order that the Governor's Orders limited the types of services that could be provided at plaintiff's dental office but did not prohibit access to that office. The fact certain services were prohibited from being performed at the premises did not prohibit access to the premises. The premises could be accessed for purposes of performing and receiving essential services. As noted in the court's prior order, *Sandy Point Dental, PC v. The Cincinnati Insurance Co.*, No. 20 CV 2160, 2020 WL 5630465 * 1 (N.D. Ill. Sept. 21, 2020) is in accord with this analysis. Plaintiff has not cited any cases reaching a contrary conclusion on the interpretation of these Civil Authority coverage provisions.

In a footnote to paragraph 20 of the amended complaint[3], plaintiff cites three Illinois Supreme Court cases as examples of the Illinois Supreme Court recognizing "that a 'prohibition' can include a partial prohibition, where the government order only limits the types of services that could be provided at a given place of business, without preventing all types of service." Plaintiff does not offer any argument based on these cases in its brief. The cited cases, *Gunnarssohn v. Sterling*, 92 Ill. 569, 573 (1879); *People ex rel. Morrison v. Creiger*, 138 Ill. 401, 415 (1891); *Moore v. Mayor, etc., of Danville*, 232 Ill. 307, 311 (1908) all deal with municipal ordinances regulating the sale of alcohol and do not offer any insight into the meaning of "prohibits access to the premises" used in the Policy.

Because the Governor's Orders did not prohibit access to plaintiff's premises, the Policy's Civil Coverage provisions do not provide coverage for plaintiff's loss of business income and extra expenses. Because there is no coverage under the Civil Authority provisions, there is no claim under 215 ILCS 5/155. See Illinois State Bar Ass'n Mutual Ins. Co. v.

---

[3] Quoted above.

Cavenagh, 983 N.E.2d 468, 479 (Ill. App. 2012). "Section 155 allows for 'an extracontractual remedy' of attorney fees and costs for an insurer's 'unreasonable and vexatious' refusal to comply with its policy obligations." Id. However, where the policy does not cover the claim, a section 155 claim is properly dismissed. Id.

For the foregoing reasons, defendant's motion to dismiss [24] is granted. This case is dismissed with prejudice. Case closed.

Date: 6/29/2021                                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)